IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JIMMY ROEMER,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )          Case No.  06-CV-0663-CVE-PJC
                                       )
                                       )
STATE FARM FIRE AND CASUALTY           )
COMPANY an Indiana corporation,        )
                                       )
                    Defendant.         )

## OPINION AND ORDER

Now before the Court is Defendant State Farm Fire & Casualty Company's Motion to
Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Dkt. # 6).  Defendant State
Farm Fire and Casualty Company ("State Farm")  moves to dismiss plaintiff's complaint based on
a one year statute of limitations in plaintiff's insurance contract.

## I.

Plaintiff Jimmy Roemer obtained homeowner's insurance from State Farm for his residential
property located at 2409 West Washington Place, Broken Arrow, Oklahoma.  The policy specifically
covered losses caused by fire.  Plaintiff alleges that fires damaged his home on September 30, 2005
and October 3, 2005.  He notified State Farm and submitted claims for fire loss.  State Farm
investigated Roemer's claims, and took sworn statements from Roemer and his wife.  On June 20,
2006, State Farm denied Roemer's claim, allegedly for the following seven reasons:

1.      You or some person insured under the policy caused or procured the fire loss
        to property covered under the policy for the purpose of obtaining insurance
        benefits;

2.      You intentionally concealed the cause of the fires;

3.      You intentionally misrepresented the causes of the fires in the Sworn Statement in Proof of Loss;

4.      You intentionally misrepresented and concealed material facts and circumstances surrounding the losses;

5.      You intentionally misrepresented and concealed material facts in the presentation of your claims;

6.      The losses were not accidental; and,

7.      Your intentional concealment or misrepresentation of material facts or circumstances regarding this insurance has voided your policy as to each loss.

Dkt. # 2, at 2.  In addition to denying plaintiff's claims for fire loss, State Farm declared his insurance policy void for intentionally concealing or misrepresenting facts in his claims.  Plaintiff alleges that State Farm's bases for denying his fire loss claims are meritless.

Roemer filed this lawsuit on December 6, 2006, alleging that State Farm breached the insurance contract by refusing to pay his fire loss claims.  He also claims that State Farm acted in bad faith by conducting an inadequate investigation of his claims.  The insurance policy states that "[n]o action shall be brought unless there has been compliance with the policy provisions.  The action must be started within one year after the date of loss or damage." Dkt. # 6, at 2.  The parties do not dispute that Roemer filed his lawsuit more than one year after the losses allegedly occurred.

## II.

When reviewing a motion to dismiss under Rule 12(b)(6), a court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party.  Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton

v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III.

On the face of plaintiff's complaint, it is apparent that his action was filed more than one

year after the fires allegedly occurred.  Defendant argues that the Court must dismiss both of

plaintiff's claims, because plaintiff failed to comply with the contractual limitations period.  Plaintiff

responds that the statute of limitations should be equitably tolled because State Farm delayed the

investigation of his claims.  He also argues that, even if the Court were to dismiss the breach of

contract claim, he should still be permitted to proceed with his bad faith claim.

### A.

The insurance contract required Roemer to file a lawsuit within one year of the date of loss,

and plaintiff admits his lawsuit was filed 14 months after the loss occurred.  State Farm has shown

that the one year period of limitations in the contract is enforceable under Oklahoma law, and

plaintiff has not argued that the provision is invalid.[1]  Plaintiff asks the Court to find that the statute

of limitations was equitably tolled, because State Farm delayed the investigation of his claim and

did not provide him a reasonable amount of time to file a claim within the statute of limitations.

Oklahoma courts have applied the doctrine of equitable tolling to suspend the running of the statute

---

[1]     Under Okla. Stat. tit. 36, §3617, a property insurer may limit the time when a lawsuit arising
under the policy can be filed, but "such time shall not be limited to less than one (1) year
from the date of the occurrence of the event resulting in the loss."  In Walton v. Colonial
Penn Insurance Company, 860 P.2d 222 (Okla. 1993), the Oklahoma Supreme Court found
that a one year limitation for filing a lawsuit under a fire insurance policy was enforceable,
because the insurance policy complied with the legislative statute of limitations stated in
section 3617.  Id. at 225.  The validity of the contractual provision is not at issue in the
present case.

of limitations under some circumstances. Equitable tolling "extends the statute of limitations if the plaintiff did not have and could not with due diligence obtain the information necessary for bringing suit within the limitations period." Thaxton v. Beneficial Mortgage Co. of Oklahoma, 145 P.3d 124, 127 (Okla. Civ. App. 2006). This doctrine also applies in cases when the defendant's misconduct prevented the plaintiff from filing his claim within the statute of limitations. Fleck v. Oklahoma Dep't of Corrections, 888 P.2d 532, 535 (Okla. Civ. App. 1994).

The Oklahoma Supreme Court has equitably tolled the statute of limitations to prevent an insurer from invoking a one year limitation period when the insurer's investigation consumed the entire statute of limitations. Prudential Fire Ins. Co. v. Trave-Taylor Co., 152 P.2d 273 (Okla. 1944). In Prudential, a fire occurred at the plaintiff's home on April 7, 1940, and he subsequently filed a claim with his insurer. Id. at 273. Until April 8, 1941, the insurer led the plaintiff to believe his claim would be paid. However, the insurer denied plaintiff's claim after the one year statute of limitations had already run. When the plaintiff filed a breach of contract action on June 6, 1941, the insurer defended on the basis that the plaintiff did not file his claim within the statute of limitations. The Oklahoma Supreme Court held that the insurer waived any defense based on the statute of limitations, because its denial did not give the plaintiff time to initiate a civil case within the statute of limitations. Based on Prudential, the Tenth Circuit has held that the statute of limitations should be tolled when the insurer does not deny the claim within the limitations period. Insurance Company of North America v. Bd. of Educ. of Indep. Sch. Dist. No. 12, Texas County, 196 F.2d 901, 902-03 (10th Cir. 1952).

In this case, plaintiff's losses occurred on September 30 and October 3, 2005, and State Farm denied plaintiff's claims on June 20, 2006. This gave plaintiff over three months to initiate a lawsuit

before the statute of limitations expired.  Even if the Court were to assume that State Farm delayed the investigation, plaintiff still had adequate time to file his lawsuit within the statute of limitations. Plaintiff has not claimed that State Farm engaged in any improper conduct from June 20 to September 30, 2006 that prevented him from filing the lawsuit.  Therefore, Prudential does not apply and it would be inappropriate to toll the statute of limitations during State Farm's investigation of plaintiff's claim.

Plaintiff relies on Peloso v. Hartford Fire Insurance Company, 267 A.2d 498 (N.J. 1969), for the proposition that the statute of limitations does not begin to run until the insurer notifies the insured that a claim has been denied.  Id. at 502.  Arthur and Marilyn Peloso ("the Pelosos) filed a claim against their insurer, Hartford Fire Insurance Company ("Hartford"), for fire damage to their home.  The fire occurred on September 12 and 13, 1965, and the Pelosos notified Hartford of the claim two days later.  Hartford informed the Pelosos it would investigate the claim.  However, by June 1966, Hartford had not sent the Pelosos notice of any action on their claim.[2]  The Pelosos filed suit approximately 18 months after the fire occurred, and Hartford raised a statute of limitations defense, because the plaintiffs did not file the lawsuit within one year of the occurrence.  The Supreme Court of New Jersey recognized that, under the majority view, the statute of limitations began to run at the time the loss occurred.  Id. at 501.  However, the court adopted a minority position, and held that the statute of limitations was tolled while the insurer was investigating the claim.  Id. at 502.  The insured should have been given 12 months to file their lawsuit from the date

---

[2]     Hartford's lawyers told plaintiffs' counsel that they advised Hartford to deny the claim, but it does not appear that Hartford ever sent formal notification of its denial to the Pelosos.

the insurer notified them the claim had been denied.  According to the court, this rule benefits the

insurer and the insured:

> While the limitation provision purports to give the insured a clear 12 months to
> institute suit, yet by virtue of the other statutory provisions cited above, this period
> is greatly reduced.  Nonetheless, we think that the central idea of the limitation
> provision was that an insured have 12 months to commence suit.  This must be so
> since the period is much shorter than the usual 6 years for ordinary contracts and 16
> years for contracts under seal.  In addition, that period during which an insured's
> right to bring suit is postponed is for the benefit of the company so that it can pursue
> its statutory and contractual rights.  Accordingly, it ought not to be charged against
> the insured's time to bring suit.

Id. at 501.  Under this rule, the Pelosos' claim was timely and they could proceed with their claims

against Hartford.

Oklahoma has not expressly considered Peloso, but the Tenth Circuit has refused to apply

Peloso in a diversity action based on Oklahoma law.  The Tenth Circuit has stated that Peloso and

other similar cases represent the minority position, and there was no Oklahoma authority that would

support applying Peloso in a diversity action.  Clipperton v. Allstate Ins. Co., 151 Fed. Appx. 652,

654 (10th Cir. 2005).[3]  Therefore, the Court is not required to equitably toll the statute of limitations

while State Farm was investigating plaintiff's claim.  The statute of limitations ran from the date the

fire occurred, not from the date plaintiff's claim was denied.  Although plaintiff claims this is a harsh

result, the Court must enforce the express terms of the insurance policy unless plaintiff can show

some basis to toll the statute of limitations.  Id. at 653 (affirming district court's dismissal of case

under one year statute of limitations, even though the insured had only one month from the close of

the insurer's investigation to file a lawsuit within the statute of limitations).  Plaintiff has not alleged

---

[3]      The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3.
However, this unpublished decision has persuasive value on a material issue not addressed
in a published opinion and it assists the Court in its disposition of this issue.

that the insurer engaged in misconduct that prevented him from timely filing his lawsuit, except for investigating his claim over a nine month period.  By itself, this does not justify equitable tolling, because plaintiff still had three months to file a lawsuit within the statute of limitations.  Because plaintiff's breach of contract claim was filed 14 months after the fire occurred, it falls outside of the one year statute of limitations.  Therefore, plaintiff's breach of contract claim is dismissed.

## B.

Plaintiff argues that his bad faith claim can proceed, even if the breach of contract claim is dismissed.  Defendant claims that Oklahoma law requires the Court to dismiss the bad faith claim as well, because the Court must make a "determination of liability" under the contract before State Farm can be held liable for bad faith.

The Oklahoma Supreme Court first recognized a cause of action for bad faith against an insurer in Christian v. American Home Assurance Company, 577 P.2d 899 (Okla. 1977).  In Christian, the court stated that:

> We recognize that there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions.  Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit.  Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

Id. at 905.  The insurer does not act in bad faith by "refusing to pay a claim or litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.'" Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989).  In order to succeed on a claim for bad faith, a plaintiff must be able to prove four elements: (1) he was covered by the insurance policy and was entitled to recover; (2) the

insurer's actions were unreasonable; (3) the insurer failed to deal fairly and act in good faith when handling the claim; and (4) the breach of the duty of good faith and fair dealing was the direct cause of plaintiff's injury.  Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1093 (Okla. 2005).

A necessary part of any bad faith claim is that plaintiff must show that he has a valid claim under the insurance policy.  Christian, 577 P.2d at 904-05; Phillips v. Oklahoma Farmers Union Mut. Ins. Co., 867 P.2d 1361, 1363 n.10. (Okla. Civ. App. 1993).  The Oklahoma Supreme Court has stated that "a determination of liability under the contract is a prerequisite to a recovery for bad faith breach on an insurance contract."  Davis v. GHS Health Maintenance Org., Inc., 22 P.3d 1204, 1210 (Okla. 2001).  State Farm argues that this language requires a plaintiff to prevail on a breach of contract claim to establish a necessary element of the tort of bad faith.

The Tenth Circuit has held that a plaintiff could proceed with a bad faith claim after his breach of contract claim was dismissed.  In McCarty v. First of Georgia Insurance Company, 713 F.2d 609 (10th Cir. 1983), the insurer argued that a plaintiff must have a cognizable breach of contract claim to succeed on a claim for bad faith breach of an insurance contract.  Id. at 611-12.  The plaintiff's breach of contract claim was dismissed under the statute of limitations, but he subsequently filed a second case against the insurer alleging that the insurer acted in bad faith when it denied plaintiff's insurance claim.  The Tenth Circuit disagreed with the insurer, and found that Christian did not impose any requirement on a plaintiff to file a breach of contract claim as part of a bad faith claim.  Although the successful plaintiff in a bad faith case must show he has a valid claim under the policy, the court rejected the insurer's argument that this element of a bad faith claim could be satisfied only by prevailing on a breach of contract claim. The Tenth Circuit stated that:

8

> The company's argument that the contractual claim must not only be meritorious but concurrently cognizable in a court of law obfuscates the critical issue. The gravamen of the tort theory is not the continuing refusal to honor the claim, but the company's bad faith in withholding payment from the start. Appellants' failure to commence their breach of contract action within the statutory time limit is thus independent of the fact which is determinative of the outcome in this case, namely, whether the company met "the obligation, deemed to be imposed by the law, under which the insurer must act fairly and in good faith in discharging its contractual responsibilities."

Id. at 612. Even though the breach of contract claim was barred by the statute of limitations, this did not imply that the plaintiff's claim under the insurance policy was without merit. Id. at 612 n.3. Therefore, plaintiff could still prevail on a claim for bad faith by showing that he had a valid claim under the insurance policy, even if it had been dismissed.

Davis does not abrogate McCarty. In fact, Davis confirms the Tenth Circuit's holding that a necessary part of any bad faith case is a showing that the plaintiff can recover under the insurance policy. However, Davis arose under different circumstances than those in the present case, because it concerned whether a plaintiff had to exhaust administrative remedies under the Benefits Act, Okla. Stat. tit. 74, § 1302, an Oklahoma statute regulating how state employees may challenge adverse benefits determinations. Davis, 22 P.3d at 1207-08. The exhaustion requirement discussed in Davis is not applicable to a generic breach of contract case, and it did not create a requirement that a plaintiff must have a cognizable breach of contract claim to bring a bad faith claim against an insurer. The Oklahoma Supreme Court has clearly stated that breach of contract and bad faith claims are separate bases for recovery, even though "indemnity for loss" is the centerpiece for both types of claims. Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253, 1258 (Okla. 1999). Defendant has not shown that Davis created a requirement for a plaintiff to recover for breach of contract as part of a bad faith claim. Plaintiff's bad faith claim was filed within the two year statute

9

of limitations for tort claims under Okla. Stat. tit. 12, § 95(A)(3), and should not be dismissed.  <u>Gray v. Holman</u>, 909 P.2d 776, 780 n.8  (Okla. 1995) (statute of limitation for bad faith claim is the two year statute of limitations in § 95, even when insurance contract requires that all claims against insurer be initiated within one year).

**IT IS THEREFORE ORDERED** that Defendant State Farm Fire & Casualty Company's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Dkt. # 6) is **granted in part** and **denied in part**:  plaintiff's breach of contract claim is dismissed, but he may proceed with his claim for bad faith.

**DATED** this 14th day of February, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT